CHARLES LANIER, RESPONDENT, *v.* ANN E. SMITH, APPELLANT, IMPLEADED, ETC.

*Action of foreclosure — effect of a judgment in it, upon a defendant claiming a dower right prior to the lien of the mortgage — proper practice in such a case.*

APPEAL from a judgment, recovered on a trial at the Special Term.

The court at General Term said : " The object of the action was the foreclosure of a mortgage given upon property in which the defendant Ann E. Smith claimed to have a preceding and paramount right of dower. She was made a party under the general allegation of the complaint that she had, or claimed to have, some interest in, or lien upon, the mortgaged premises, or some part thereof, which had accrued subsequently to the lien of the mortgage. By her answer she did not deny this allegation, and the judge presiding at the trial was therefore warranted in finding the fact that she made a claim of that description, and for that reason was a proper party defendant in the action. She, however, by her answer, set forth a statement of the facts upon which she claimed a further right to dower in the property superior to the mortgage, and gave proof upon the trial, having some tendency to establish the correctness of this answer. · By the judgment which was ordered and directed it was adjudged that she, together with the other defendants, should

37   529
8ap522

be forever barred and foreclosed of all right, claim, lien, interest and equity of redemption in the mortgaged premises and every part thereof,. and this adjudication has been insisted upon as legally prejudicial to her alleged interest as doweress under the pleadings and the proofs taken upon the trial. There is reason for holding that she may be right in this position, and that after having presented the answer which she did in the action, and evidence tending to sustain the truth of her allegations, that the court should have dismissed the complaint as to her, so far as' the action had a tendency to affect this paramount right claimed in her behalf. That was the course which seemed to receive the sanction of the court in *Corning* v. *Smith* (2 Seld., 82). And *Brown* v. *Volkening* (64 N. Y., 76) and *Emigrant Ind. Savings Bank* v. *Goldman* ('75 id., 127) seem to sanction as much as that, as a proper proceeding in the action

The case of *Lewis* v. *Smith* (5 Seld., 502) does not conflict with this rule of practice. For there the bill for the foreclosure of the mortgage had been taken as confessed, while here the facts were expressly put in issue by the answer of the defendant which formed a part at least of the basis upon which the trial proceeded. After such an answer and evidence given under it, it might very well be that a judgment entered in this form would preclude the defendant from asserting her right to an interest by way of dower in the property in an independent suit. For that reason the judgment should either dismiss so much of the action as to this defendant as related to the interest claimed by her to be paramount to the mortgage, or else that interest should be excepted from the operation of the judgment by a proper statement expressive of that qualification.

*Benjamin M. Stillwell*, for the appellant.

*Wheeler H. Peckham*, for the respondent.

Opinion by Daniels, J.; Brady, J., concurred.

Davis, P. J., concurred in conclusion, except so far as relates to the costs of the appeal.

Judgment modified as directed in opinion, and affirmed as modified, with costs to the appellant.